FILED

2017 Nov-03  PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA



**IN THE UNITED STATED DISTRICT COURT**
**NORTHERN DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | |
|---|---|
| **C.H., as next friend of his son, R.H., a minor** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. _____** |
| **v.** ) | |
| ) | **JURY TRIAL** |
| **ETOWAH YOUTH SERVICES, INC.,** ) | **DEMANDED** |
| **d/b/a Eagle Rock Boys Ranch;** ) | |
| **SCOTT HILTON, an individual; and** ) | |
| **ROY DEAN PRUETT, an individual;** ) | |

**Fictitious Defendants A, B, and C are those entities and/or individuals which or who are responsible for the safety and well-being of the children at Defendant Etowah Youth Services, Inc., in Etowah County, Alabama, as of the fall of 2012; Fictitious Defendants D, E, and F are those entities and/or individuals which or who hired, trained, and/or supervised Roy Dean Pruett in his employment at Defendant Etowah Youth Services, Inc., in Etowah County, Alabama; Fictitious Defendants G, H, and I are those entities and/or individuals which or who destroyed, discarded, concealed, fabricated, altered, or otherwise spoliated evidence relevant to the negligent, wanton, and/or intentional conduct made the basis of this suit, and which or who are not readily ascertainable at this time; Fictitious Defendants J, K, and L are those entities and/or individuals whose negligence, wantonness, intentional acts, or other wrongful conduct facilitated and/or resulted in the sexual abuse of the minor Plaintiff; Fictitious Defendants M, N, and O are those entities and/or individuals which or who are or were successors-in-interest of the named or above-described fictitious parties, and which or who are not readily ascertainable at this time; Fictitious Defendants P, Q, and R are those entities and/or individuals which or who are or were predecessors-in-interest of the named or above-described fictitious parties, and who or which are not readily ascertainable at this time; Fictitious Defendants S, T, and U are those entities and/or individuals which or who are or were acting as an agent, employee, servant, or contractor of the named or above-described fictitious parties, and who or which are not readily ascertainable at this time; the identities of the Fictitious Party Defendants A - U are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.**

**Defendants.**

**COMPLAINT**

COMES NOW, Plaintiff C.H., as next friend and father of his minor son, R.H., and files his Complaint against Etowah Youth Services, Inc., d/b/a Eagle Rock Boys Ranch, Scott Hilton, Roy Dean Pruett, and Fictitious Defendants A-U, and, in support, states as follows:

## INTRODUCTION

1.      Etowah Youth Services, Inc. d/b/a Eagle Rock Boys Ranch ("Eagle Rock") owns and operates residences for troubled teenagers. The Eagle Rock homes are staffed by employees of Eagle Rock, also known as houseparents, for the purpose of monitoring, nurturing, and protecting the at-risk teenage boys. At all times material, Scott Hilton ("Hilton") was the founder and director of Eagle Rock, and Roy Dean Pruett ("Pruett") was an employee and/or a director at Eagle Rock hired and supervised by Hilton. Hilton developed the system for training the houseparents working at Eagle Rock. Hilton designed the training without a "point system" or some other metric for structuring the job duties or expectations for the houseparents. Instead, Hilton established Eagle Rock with little structure and a vision to give the employee houseparents substantial latitude and/or discretion in the way they would monitor and/or care for the vulnerable minors entrusted into Eagle Rock's care. Hilton assigned the title of Activities Director to Pruett, a pedophile, and negligently and/or recklessly delegated much of the operation of Eagle Rock to Pruett. As a result of this lack of structure, training, and supervision, Eagle Rock became a house of horrors for several boys including the minor Plaintiff R.H.. While at Eagle Rock, R.H. and others were repeatedly sexually abused and sodomized by Pruett. Plaintiff brings this action seeking compensatory and punitive damages for the unreasonable conduct of the Defendants including the sexual abuse, horror, and resultant emotional damage inflicted upon Plaintiff. The subject abuse and horror perpetrated against R.H. when he was a

child housed at Eagle Rock resulted in the criminal prosecution and conviction of Defendant Pruett for sexually abusing and sodomizing R.H.

2.      Beginning in or about the Fall of 2012 and concluding in or about the Spring of 2014, R.H. was housed at the Eagle Rock Ranch in Attalla, Alabama, where he was routinely subjected to pervasive and severe sexual, physical, and emotional abuse perpetrated by Defendant Pruett, who at all times material was working in the line and scope of his employment with Defendant Eagle Rock in order to access and isolate R.H. and other boys at Eagle Ranch for the purpose of sexual and emotional abuse.

3.      The repeated abuse R.H. suffered was, in part, the proximate result of the negligent hiring, training, supervision, and/or policy making of Hilton and Eagle Rock. Defendant Pruett was regularly and freely permitted, as a result of the inadequate and/or negligent supervision by Eagle Rock employees including Hilton, to take R.H. to Pruett's home and other locations distant from the Eagle Rock campus for overnight stays. Pruett would falsely imprison the children in his car, home, and elsewhere in his efforts to regularly sexually abuse boys at Eagle Rock.  The acts of abuse Pruett inflicted upon R.H. were foreseeable to Eagle Rock and Hilton and as a child in its care, Eagle Rock owed R.H. a special duty of care to protect him from foreseeable dangers and/or preventable harms. Eagle Rock employees routinely and recklessly gave R.H. over to Pruett and aided Pruett in his accessing R.H. by documenting that R.H. was in fact at Eagle Rock when in reality he had been isolated by Pruett for the express purpose of abuse.

4.      On August 12, 2016, Defendant Pruett pled guilty to sodomy and three (3) counts

sexual abuse. Defendant Pruett is currently incarcerated for sexual abusing R.H. and other boys

who were under the care of Eagle Rock while Pruett was employed by Eagle Rock.

## JURISDICTION AND VENUE

5.      The Plaintiff is a resident citizen of Tennessee and all Defendants are resident

citizens of or corporations incorporated in and/or based in Alabama.   The Plaintiff seeks

damages in excess of $75,000.00, exclusive of interest and costs.   Thus, this Honorable Court has

jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).   The Plaintiff is seeking both compensatory and

punitive damages for the sexual abuse and other harms R.H. suffered while in the care of Eagle

Rock.

## PARTIES

6.      The minor Plaintiff, R.H. files this case by and through his next friend and father,

C.H.   C.H. is over the age of nineteen (19) years old and he and his son R.H. are resident citizens

of Grainger County, Tennessee.

7.      Defendant Etowah Youth Services, Inc. is an Alabama corporation, doing

business as Eagle Rock Boys Ranch, and is a rehabilitative facility for troubled boys located in

Attalla, Etowah County, Alabama.   Under the legal theories of respondeat superior and/or

vicarious liability,  Defendant Eagle Rock is liable to the Plaintiff for the wrongful conduct of its

employees, including Hilton, Pruett, and others, including R.H.'s houseparent, that proximately

caused the Plaintiff's injury and damages.

8.      Defendant Scott Hilton is over the age of nineteen (19) years old and, upon

information and belief, is a resident citizen of Gadsden, Etowah County, Alabama. At all times

material, he was the founder and director of Defendant Eagle Rock.  (Collectively, Defendants Eagle Rock and Hilton may be referred to herein as the "Eagle Rock Defendants").

9.      Defendant Roy Dean Pruett is over the age of nineteen years old and is a resident of Gadsden, Etowah County, Alabama.  At all times relevant to the allegations of this Complaint, Defendant Pruett was an employee of Defendant Etowah Youth Services, Inc.

10.      Fictitious Defendants A, B, and C are those entities and/or individuals which or who are responsible for the safety and well-being of the children at Defendant Etowah Youth Services, Inc., in Etowah County, Alabama, as of the fall of 2012.

11.      Fictitious Defendants D, E, and F are those entities and/or individuals which or who hired, trained, and/or supervised Roy Dean Pruett in his employment at Defendant Etowah Youth Services, Inc., in Etowah County, Alabama.

12.      Fictitious Defendants G, H, and I are those entities and/or  individuals which or who destroyed, discarded, concealed, fabricated, altered, or otherwise spoliated evidence relevant to the negligent, wanton, and/or intentional conduct  made the basis of this suit, and which or who are not readily ascertainable at this time.

13.      Fictitious Defendants J, K, and L are those entities and/or individuals whose negligence, wantonness, intentional acts, or other wrongful conduct facilitated and/or resulted in the sexual abuse of the minor Plaintiff.

14.      Fictitious Defendants M, N, and O are those entities and/or individuals which or who are or were successors-in-interest of the named or above-described fictitious parties, and which or who are not readily ascertainable at this time.

15.     Fictitious Defendants P, Q, and R are those entities and/or individuals which or who are or were predecessors-in-interest of the named or above-described fictitious parties, and which or who are not readily ascertainable at this time.

16.     Fictitious Defendants S, T, and U are those entities and/or individuals which or who are or were acting as an agent, employee, servant, or contractor of the named or above-described fictitious parties, and which or who are not readily ascertainable at this time.

17.     The identities of the Fictitious Party Defendants A-U are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper party Defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.

## FACTS

18.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

19.     R.H. was born in October 2001. At the time of the incidents that are the subject of this Complaint, R.H. was a minor child living at Eagle Rock in Attalla, Etowah County, Alabama. The Eagle Rock Defendants owned, staffed, and operated Eagle Rock.

20.     Eagle Rock and Hilton represented to government officials, parents, and/or other guardians seeking educational and/or emotional support services for children that "Eagle Rock provides safe, loving and nurturing homes for at-risk young men headed for a life of trouble. We help them redirect their lives in a therapeutic setting that is customized to their individualized needs, allowing them to become happy, productive, successful men who honor God and support their families."[1]    Eagle Rock promises on its website that it puts "children first," and that

---

[1] http://www.eaglerockboys.org/

"[I]ntegrity will infiltrate every aspect of our ministry including how we treat our children, our staff, our supporters, and anyone touched by Eagle Rock."[2]  Furthermore, Eagle Rock advertised that "[t]he people who have the most day to day influence on our boys are the people who work directly with them day in and day out," and that it "place[d] high value and high priority on these individuals."[3]

21.     Eagle Rock further stated it will protect and provide "treatment that specifically addresses the needs and behaviors of the children."[4]

22.     R.H. instead experienced neglect and sexual and emotional abuse at the hands of Eagle Rock's employees. Rather than teaching R.H. "responsibility and accountability," Eagle Rock subjected him to abuse by a sexual predator who is now a convicted pedophile and who scarred R.H. and others physically, emotionally, and psychologically.

23.     Beginning in the fall of 2012, Pruett repeatedly was allowed to take R.H. from Eagle Rock at will.

24.     On numerous occasions beginning in or about November 2012 and continuing into or about July 2014, Pruett used a vehicle to transport R.H. from Eagle Rock to one or more offsite locations where he sexually and emotionally abused R.H. while he was a minor child.

**CAUSES OF ACTION**

**COUNT I**
**ASSAULT AND BATTERY**
**(AGAINST PRUETT)**

25.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

---

[2] http://www.eaglerockboys.org/pages.asp?pageid=90199#Values
[3] http://www.eaglerockboys.org/pages.asp?pageid=90199#Values
[4] http://www.eaglerockboys.org/pages.asp?pageid=90199#Values

26.     Defendant Pruett's unwanted and/or otherwise wrongful touching, contact, sodomy, and sexual abuse of R.H. to which he has also pled guilty, is a legally cognizable as the tort of battery and R.H.'s imminent apprehension of Pruett's harmful contact is legally cognizable as the tort of assault.

27.     As a result of said wrongful conduct by Defendant Pruett, Plaintiff suffered and continues to suffer damages, including, but not limited to, personal injury, mental anguish, loss of quality of life, emotional pain and suffering, and has incurred and/or will incur medical treatment and/or therapy and other resultant expenses.

## COUNT II
## INVASION OF PRIVACY
## (AGAINST ALL DEFENDANTS)

28.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

29.     Defendants did wrongfully invade Plaintiff R.H.'s privacy when they intruded upon his person and personal privacy. In addition, Pruett's sexual abuse of R.H. was a trespass upon his person and a violation of his privacy.

30.     As a result of said wrongful acts, the Plaintiff R.H. suffered physical injury and continues to suffer emotionally and other resultant damages as set forth herein.

31.     As a result of said wrongful conduct by all Eagle Rock, Hilton and Pruett, Plaintiff suffered and continues to suffer damages, including, but not limited to, serious personal injury, mental anguish, loss of quality of life, emotional pain and suffering, and has incurred and/or will incur medical treatment and/or therapy and other resultant expenses.

## COUNT III
## NEGLIGENT AND/OR WANTON CONDUCT
## (AGAINST ALL DEFENDANTS)

32.    Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

33.    By establishing a youth rehabilitation facility for boys, the Eagle Rock Defendants hold themselves out to the public, including R.H. and his family, that it is a place where children, such as R.H., will be safe and that they "will go the extra mile with [the] children even when they may not deserve it."[5]

34.    The Eagle Rock Defendants owed a duty to the Plaintiff to to provide a reasonably safe, supportive environment that would facilitate treatment and/or recovery for R.H. and other children in their care. This duty included hiring, supervising, and training persons qualified and capable of maintaining an environment safe for children and free from sexual abuse or assault by employees and/or other residents.

35.    The Eagle Rock Defendants owed a duty to R.H. and the other children in their care to protect them from rape, sexual assault, intimidation, and any unwanted or otherwise inappropriate contact by Eagle Rock employees. The Eagle Rock Defendants have a duty to set appropriate policies, to engage in corresponding practices, to establish protective procedures, and to enforce boundaries that ensure the safety of the resident children to be free from sexual exploitation or abuse by their employees.

36.    The Eagle Rock Defendants, by and through their management and operation, owed a duty to R.H. to act in a reasonably prudent manner to protect him and other children from sexual abuse while receiving treatment from Eagle Rock.

37.    The Eagle Rock Defendants negligently, wantonly and/or otherwise wrongfully operated and staffed the Eagle Rock Boys Ranch. The hiring and supervising of Defendant Roy

---

[5] http://www.eaglerockboys.org/pages.asp?pageid=90199.

Pruett to work with children was at least negligent and by law reckless. Furthermore, Defendants Hilton, Pruett and Eagle Rock were negligent and/or wanton in their approach to supervising, monitoring, and/or counseling the Plaintiff. The lack of controls facilitating the sexual abuse, intimidation, physical abuse, emotional abuse, and other unreasonable actions against the Plaintiff in which the Defendants engaged amounted to negligent, wanton, and/or reckless conduct.

38.     As a result of said negligent, wanton, reckless, and/or otherwise wrongful conduct by the Defendants, the Plaintiff suffered and continues to suffer damages, including, but not limited to, personal injury, mental anguish, loss of quality of life, emotional pain and suffering, and has incurred and/or will incur medical treatment and/or therapy and other resultant expenses.

## COUNT IV
## NEGLIGENT/WANTON HIRING, TRAINING, RETENTION AND SUPERVISION
## (AGAINST THE EAGLE ROCK DEFENDANTS)

39.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

40.     Eagle Rock and Hilton owed a duty to all the boys at Eagle Rock, including R.H., to properly hire, train, retain, and supervise all staff and employees at the Eagle Rock Boys Ranch.

41.     At all times that Defendant Pruett sexually abused R.H., he was under the direction, supervision, and control of the Eagle Rock Defendants.

42.     The Eagle Rock Defendants negligently, recklessly, and/or wantonly breached their duty to all children residing at Eagle Rock Boys Ranch, including R.H., to properly hire, train, retain, and supervise all staff at the Eagle Rock Boys Ranch.

43.     As a direct and proximate result of the Eagle Rock Defendants' negligent, reckless, and/or wanton breach of duty owed to R.H., R.H. was raped by Defendant Pruett, which caused him personal injury and severe emotional distress.

**COUNT V**
**OUTRAGE**
**(AGAINST EAGLE ROCK AND PRUETT)**

44.     Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

45.     Defendant Pruett committed the tort of outrage when he took boys from Eagle Rock, including R.H., and raped and sexually abused them. This conduct is utterly reprehensible, and cannot be tolerated in a civilized society.

46.     Eagle Rock also committed the tort of outrage by facilitating and/or tacitly consenting to the repeated, violent sexual abuse of a minor by Pruett, who was an Eagle Rock employee at the time the misconduct occurred.

47.     As a result of Defendant Pruett and Eagle Rock's wrongful conduct, the Plaintiff suffered and continues to suffer damages, including, but not limited to, serious personal injury, mental anguish, loss of quality of life, emotional pain and suffering, and has incurred and/or will incur medical treatment and/or therapy expenses and other resultant expenses.

**COUNT VI**
**FALSE IMPRISONMENT**
**(AGAINST EAGLE ROCK AND PRUETT)**

48.     Plaintiff re-alleges the facts and allegations as set forth above.

49.     Defendants Eagle Rock and its employee Pruett did unlawfully detain and/or otherwise trap or imprison the Plaintiff R.H. when he physically removed, transported and/or isolated R.H. in order to sexually abuse him.

50.    As the proximate result of the Defendants Eagle Rock and Pruett having falsely imprisoned the Plaintiff, the Plaintiff has suffered and continues to suffer from extreme emotional distress and additional damages as set forth herein above and below.

## COUNT VII
## RESPONDEAT SUPERIOR
## (AGAINST EAGLE ROCK)

51.    Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

52.    At all times material, R.H. was a minor under the control of Eagle Rock. Eagle Rock owed a duty to R.H.  Eagle Rock was being compensated to care for and protect R.H. Throughout R.H.'s time at Eagle Rock, Eagle Rock employees Pruett, Hilton, and other employees, including R.H.'s houseparents, were acting as agents and employees of Eagle Rock and under Eagle Rock's control and within the line and scope of their employment and/or with the Eagle Rock's ratification.

53.    As a result, Eagle Rock is responsible and vicariously liable for the misconduct of its agents and employees, including but not limited to Hilton and Pruett, complained of herein.

## COUNT VII
## FICTITIOUS DEFENDANTS
## (AGAINST FICTITIOUS DEFENDANTS A - U)

54.    Plaintiff re-alleges the preceding paragraphs as if fully set forth herein.

55.    Fictitious Defendants A-U described above intentionally, negligently, wantonly, and/or recklessly caused the injury and damages to R.H. while he was housed at Eagle Rock. The wrongful conduct of Fictitious Defendants A-U combined and concurred with that of the named Defendants to cause the harm to R.H. as described herein.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff C.H., as father and next friend of his son R.H., a minor, demands judgment against all Defendants, both named and Fictitious Defendants, including Eagle Rock, Hilton, and Pruett in a sum in excess of the jurisdictional limits of this Honorable Court, to be determined by a jury, in an amount which will fairly and adequately compensate R.H. for his injuries and damages, together with interest from the date of the first incident occurred, plus the costs of this proceeding.  Furthermore, the Plaintiff requests that the jury selected to hear this case also render a verdict for the Plaintiff and against each Defendant named or identified herein fictitiously for punitive damages in an amount which will adequately reflect the enormity of each of the Defendants' wrongful acts and which will effectively prevent other similar wrongful acts by these Defendants or other similarly situated.

## JURY DEMAND

The Plaintiff hereby demands trial by struck jury.

Respectfully submitted,

**/s/ Gregory M. Zarzaur**
GREGORY ZARZAUR (ASB-0759-E45Z)
*Attorney for the Plaintiff*

**OF COUNSEL:**
ZARZAUR MUJUMDAR & DEBROSSE - Trial Lawyers
2332 Second Avenue North
Birmingham, Alabama 35203
T: 205.983.7985
F: 888.505.0523
E: gregory@zarzaur.com